# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANK ERVIN ALTIZER, JR,** ) | Civil Action No. 7:12-cv-00360 | |
|     Petitioner, ) | | |
| ) | | |
| **v.** ) | **MEMORANDUM OPINION** | |
| ) | | |
| **DIRECTOR, VIRGINIA** ) | | |
| **DEPARTMENT OF CORRECTIONS,** ) | By: | Hon. Michael F. Urbanski |
|     Respondent. ) | | United States District Judge |

    Frank Ervin Altizer, Jr., a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges an institutional conviction which allegedly caused, inter alia, his segregation and a loss of parole consideration. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1] The court finds that the presented claims do not sound in habeas relief, and the court dismisses the petition.

    Petitioner explains that he was sitting in a prison cafeteria when another inmate crept up behind him and punched him in the back of the head on August 4, 2011. Petitioner did not strike back at the assailant, but prison officials convened an institutional hearing, convicted petitioner of fighting, and sentenced him to thirty-days' segregation. Petitioner complains that he could not present evidence at the hearing and that the conviction resulted in an increased security classification and him not being considered for parole.[2] Petitioner further alleges that he is no longer allowed to participate in his parole hearing or in "every state created prison activity"

---

[1] Rule 4 permits the court to dismiss a § 2254 petition when it plainly appears that petitioner is not entitled to relief.
[2] Petitioner does not allege that he has a constitutional right to parole release or that anyone unlawfully denied him parole release.

necessary to transition from prison life.[3]  Petitioner requests as relief that the court compel respondent to expunge the fighting conviction.

Petitioner recently presented similar claims in a 42 U.S.C. § 1983 action that the court dismissed without prejudice because petitioner was a "three-striker" who did not pay the filing fee or show imminent danger of serious physical injury.  Altizer v. Hinkle, No. 7:12-cv-00040, slip op. at 4-5 (W.D. Va. Feb. 7, 2012) (Turk, J.).  Petitioner refiled the claims via 28 U.S.C. § 2254 to avoid paying the $350.00 filing fee, but the claims sub judice do not relate to the duration of his custody.

The court must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because expunging the fighting conviction would not impact the length of his incarceration.  Thus, petitioner's claims do not lie within "the core of habeas corpus" and may be brought, if at all, under § 1983.  Id.  Petitioner cannot demonstrate a related, imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g), to avoid prepaying the $350 filing fee for a § 1983 action, and he may not present these claims in a habeas action to avoid paying the $350 filing fee.[4]  Accordingly, the court dismisses the petition for a writ of habeas corpus because it is clear that petitioner is not entitled to habeas relief.  Based upon the

---

[3] Petitioner was sentenced to two life terms in 1973, and the date of his conviction makes him eligible for discretionary parole.  Altizer v. Deeds, 191 F.3d 540, 541 n.1 (4th Cir. 1999).
[4] The "three-strikes" provision in § 1915(g) does not apply to habeas actions.  Montgomery v. Davis, 362 F.3d 956, 957 (7th Cir. 2004).

court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner.

    Entered: October 1, 2012

    /s/ Michael F. Urbanski

    Michael F. Urbanski
    United States District Judge